**UNITED STATES** of America, Plaintiff—Appellee,

v.

Unrico Ranier **MINNERS**, Defendant— Appellant.

No. 08–5092.

United States Court of Appeals, Tenth Circuit.

Oct. 16, 2008.

Unrico Ranier Minners, Beaumont, TX, pro se.

Leena Alam, Philip E. Pinnell, Assistant U.S. Attorney, Thomas S. Woodward, U.S.

---

* Honorable Timothy D. DeGiusti, District Judge for the Western District of Oklahoma,

sitting by designation.

Attorney, Kevin C. Danielson, United States Attorneys Office Tulsa, Tulsa, OK, for Defendant–Appellant.

Before BRISCOE, MURPHY, and HARTZ, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Unrico Minners, a federal prisoner, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the motion to vacate, set aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the denial of a § 2255 motion unless the movant first obtains a COA). Minners pleaded guilty to four charges stemming from a crime of violence committed in 2005. *See United States v. Minners,* 211 Fed.Appx. 742, 742–43 (10th Cir. 2007). Minners's direct appeal was dismissed by this court on January 4, 2007. *Id.* The instant § 2255 motion was filed on May 27, 2008. In the motion, Minners asserted claims that his counsel provided constitutionally ineffective assistance. The district court dismissed Minners's § 2255 motion sua sponte, concluding the motion was filed outside the one-year limitation period set forth in 28 U.S.C. § 2255.

In his appellate brief, Minners argues the merits of the claims he seeks to raise in his § 2255 motion. He does not address the district court's procedural ruling and presents no argument that the district court miscalculated the one-year period.

To be entitled to a COA, Minners must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petition-er is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Minners's § 2255 motion as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** Minners's request for a COA and **dismiss** this appeal.